IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TYLER ANTHONY BOYD,

        Defendant.

No. 1:09-cr-30012-PA

**OPINION & ORDER**

Panner, District Judge.

This matter comes before the Court on Defendant Tyler Anthony Boyd's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's motion is GRANTED.

## Background

Defendant was indicted on a single count of felon in possession of a firearm as an Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF Dkt. No. 1. The indictment alleged that Defendant had the following predicate convictions: Burglary in the Second Degree in 1997, 1998, and 2003, Burglary in the First Degree in 1998, again in 1998, and in 2000. ECF Dkt. No. 1. Defendant entered a guilty plea and was sentenced to 180 months. ECF Dkt. Nos. 10, 15.

## Legal Standards

28 U.S.C. § 2255 provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

## Discussion

Defendant asserts that his convictions for burglary no longer qualify as predicate convictions and that he should not be subject to the mandatory minimum sentence of the Armed Career Criminal Act ("ACCA").

The ACCA provides for a fifteen-year mandatory minimum sentence if a defendant convicted of a firearms offense has three or more convictions for "a violent felony or a serious drug offense or both." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This final, catch-all provision is known as the "residual clause."

Previously, a conviction for Burglary in the First Degree under ORS 164.225 was considered a violent felony under the ACCA's residual clause, rather than as a generic burglary. *United States v. Mayer*, 560 F.3d 948, 958-63 (9th Cir. 2009). The Supreme Court has since struck down the residual clause as unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563 (2015).

The issue before me is therefore whether Burglary in the First Degree under Oregon law qualifies as "burglary" as set forth in the ACCA. The Ninth Circuit has recently summarized this increasingly complex inquiry as follows:

> At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law. If this "categorical approach" reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as [a predicate offense]. When a statute is "overbroad," meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two: determining whether the statute is "divisible" or "indivisible." If the statute is indivisible, "our inquiry ends, because a conviction under an indivisible, overbroad statute can never serve as a predicate offense." Only when a statute is overbroad and divisible do we turn to step three—the "modified categorical approach." At this step, we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating.

*Almanza-Arenas v. Lynch*, ___ F.3d ___, 2016 WL 766753, at *2 (9th Cir. Feb. 29, 2015) (en banc) (quoting *Lopez-Valencia v. Lynch*, 797 F.3d 863, 867-68 (9th Cir. 2015)).[1]

Since the *Johnson* decision, courts in this District have consistently held that Burglary in the First Degree no longer qualifies as an ACCA predicate conviction because ORS 164.225 is both broader than "generic burglary" and indivisible. *See United States v. Bayya*, No. 3:13-cr-00558-HZ, 2015 WL 8751795, at *3 (D. Or. Dec. 14, 2015) (Hernandez, J. holding that "[b]ecause Oregon's first-degree burglary statute is indivisible and broader than 'generic burglary,' Bayya's convictions for first-degree burglary under Oregon law do not qualify as predicates for an ACCA sentencing enhancement."); *United States v. Walsh*, No. 1:13-cr-00325, EFC Dkt. No. 59 (D. Or. Jan. 11, 2016) (McShane, J. holding that ORS 164.225 is overbroad and indivisible); *United States v. Mayer*, ___F. Supp.3d. ___, Case No. 6:05-cr-60072-AA, 2016 WL 520967, at *3-12 (D. Or. Feb. 5, 2016) (Aiken, J. holding the same); *see also Summers v.*

---

[1] The original en banc opinion in *Almanza-Arenas*, 809 F.3d 515 (9th Cir. 2015), was amended and superseded on February 29, 2016.

*Feather*, ___ F. Supp.3d. ___, No. 3:14-cv-00390-SU, 2015 WL 4663277 (D. Or. Aug. 5, 2015) (Sullivan, J. and Hernandez, J. finding that a substantially similar Washington statute is likewise overbroad and indivisible).

I join with Judges McShane, Aiken, and Hernandez in holding ORS 164.225 is both overbroad and indivisible and that convictions for Burglary in the First Degree under Oregon law do not qualify as ACCA predicate convictions. I have previously determined that Burglary in the Second Degree under ORS 164.215 is not a violent felony for ACCA purposes, even under the residual clause, *United States v. Snyder*, 5 F. Supp.3d 1258, 1264-65 (D. Or. 2014), and I find no cause to disturb that conclusion. Accordingly, neither Defendant's convictions for Burglary in the First Degree or Burglary in the Second Degree qualify as predicate convictions.

## CONCLUSION

Defendant no longer has the required number of predicate convictions to qualify for the ACCA mandatory minimum sentence. I therefore GRANT Defendant's motion under 28 U.S.C. § 2255 and VACATE the previously imposed sentence. The Court shall set a date for Defendant to be resentenced consistent with this Order.

DATED this ___ day of March, 2016.

OWEN M. PANNER
U.S. District Judge